STOULIG, Judge.
Plaintiff, Salvadore J. Guttuso, obtained a judgment for $478.10 against his former tenant Frank V. Guzzo,' also know as Frankie Ford, on a suit for reimbursement for a utility bill plaintiff was required to pay after defendant defaulted. Defendant has appealed, urging here, as he did in the trial court, that plaintiff, his sublessor, had released him from all obligations under the lease.
The business relationship between the parties began in January 1971, when by a credit sale plaintiff conveyed the furniture and fixtures for a cocktail lounge and bar business to the defendant and simultaneously executed a written sublease of the business premises at 738 Toulouse Street in the City of New Orleans. Defendant acknowledges that under the express provisions of the lease he was obligated to pay all utility bills, including light and gas seryice. Apparently as an accommodation to defendant, plaintiff permitted the meters to remain in his name and was billed accordingly. It is undisputed that the defendant paid all of these monthly charges except those giving rise to the present suit.
After the defendant failed to pay the promissory note for $12,188.72, executed as partial consideration for the sale, plaintiff obtained a default judgment for the principal amount, interest, and attorney’s fees. In addition, defendant owed plaintiff $2,100 past-due rent.
In order to facilitate the sale of the business to Richard Ransome and the granting of a lease of the premises to the new purchaser, defendant paid approxi *406 mately $17,000 in satisfaction of the judgment and unpaid rentals, and the parties executed an agreement whereby they mutually released each other from any obligations under their lease effective as of June IS, 1971 and terminated their lease as of the same date.
Mr. Guzzo contends it was agreed by the parties the release relieved him of his obligation to pay the utility bills for services to the premises during his tenancy. Plaintiff, his attorney who was present, and Mr. Ransome all testified it was agreed after the release was signed that defendant would pay the utility bill when it was received. It was explained this matter was not settled on June IS because the bill had not been received and the amount could not be ascertained.
The trial judge assigned no written reasons for judgment, but in view of his conclusion, we must assume he found the testimony of plaintiff’s witnesses more credible than that of defendant.
Defendant argues we should resolve this solely on the written release which, it is contended, relieves' Guzzo from all liability thereunder including payment of the utility bill. As we interpret this document, it simply releases the parties, effective as of June IS, 1973, from all future obligations mutually due one to the other under their written contract of lease. It has no bearing whatever on the only outstanding obligation as of that date, the unpaid utility bill. The evidence preponderates in favor of the conclusion that not only did the release not discharge the defendant from the payment of this obligation but that it was expressly excepted from the effects of the release.
Thus the only evidence before us with respect to the agreement as to the utility bill is the testimony of those present when the document was signed. As did the trial court, we believe the weight of evidence supports plaintiff’s claim.
For the reasons assigned, the judgment appealed from is affirmed; costs of this appeal to be borne by appellant.
Affirmed.